IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHANE LOUIS HIGHFILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:10-CV-55-TMH |
| | ) [WO] |
| | ) |
| STANLEY GARRETT, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Shane Louis Highfill ["Highfill"] initiated this action under 42 U.S.C. § 1983 in which he challenges the constitutionality of his arrest on April 24, 2009, and actions undertaken during a search attendant to his arrest. The complaint also sets forth claims which go to the fundamental legality of a conviction imposed upon Highfill by the Circuit Court of Lee County, Alabama for trafficking in methamphetamine. Highfill names Stanley Garrett, Brantley Cargill and Ed Clark, officers with the Opelika Police Department, as defendants in this cause of action. Highfill seeks monetary damages, expungement of his criminal case and release from incarceration. *Complaint - Doc. No. 1 at 4.*

The defendants filed a special report and supporting evidentiary materials addressing Highfill's claims for relief. Pursuant to the orders entered in this case, the court deems it appropriate to treat this report as a motion for summary judgment. *Order of April 23, 2010*

- *Doc. No. 28*. Thus, this case is now pending on the defendants' motion for summary judgment. Upon consideration of this motion, the evidentiary materials filed in support thereof and the plaintiff's response, the court concludes the defendants' motion for summary judgment is due to be granted.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[1] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact." *Celotex*

---

[1] Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes. Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id*. "'Shall' is also restored to express the direction to grant summary judgment." *Id*. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

The defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact. Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it.")  A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment.  In respect to the latter, our inferences must accord deference to the views of [government] authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

3

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted). Consequently, to survive the defendants' properly supported motion for summary judgment, Highfill is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739

4

F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243

(11th Cir. 2003) (citation omitted).  To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-324 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact.  *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil

6

case. In this case, Highfill fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

### III. DISCUSSION

### A. Relevant Facts

On the morning of April 24, 2009, the defendants conducted a search at 3201 Old Opelika Road, the home of Highfill's mother, at which Highfill resided, pursuant to a search warrant issued by a state judge. Defendant Cargill obtained the search warrant based on information obtained during a controlled purchase of methamphetamine by a confidential informant from an individual located at the residence. *Defendants' Exhibit 8 - Doc. No. 27-8* at 1. The search warrant authorized law enforcement officers to search "for the person of Shane Louis Highfill, ... Cory Lee Highfill, ... and the residence located at ... 3201 Old Opelika Road, Opelika, Lee County, Alabama.... Said search is to include any and all persons and vehicles, and storage buildings located on premise and curtilage at 3201 Old Opelika Road, in Opelika, Lee County, Alabama...." *Id*. at 2. The warrant further authorized law enforcement officers to search the property for "Marijuana, Cannabis, Cannabis Sativa L, Cannabis Americana, Cannabis Indica, Cocaine, Cocaine base, Cocaine Hydrochloride, Crack Cocaine, Methamphetamines, or any compound or mixture thereof and/or drug paraphernalia ... and United States Currency." *Id*. During the search, the defendants located "components of a meth lab in the house and in a shed behind

7

the house.... [A] jar of meth in a suitcase next to the bed where Plaintiff was sleeping, ... [and] meth hidden in Plaintiff's shoes...." *Defendants' Exhibit 1 (Cargill Aff.) - Doc. No. 27-1* at 1.  The officers arrested Highfill for trafficking in methamphetamine, unlawful manufacture of a controlled substance and possession of a controlled substance and placed him in the Lee County Detention Facility.

On April 14, 2010, a duly empaneled jury found Highfill guilty of trafficking in methamphetamine based on the evidence obtained during the search on April 24, 2009.  The trial court subsequently imposed a sentence of imprisonment upon Highfill for this offense.

### B.  False Arrest and Imprisonment

Highfill complains that the defendants violated his constitutional rights when they arrested him without either a warrant for his arrest or probable cause and subjected him to imprisonment on the charged offenses.

"An arrest without a warrant and lacking probable cause violates the Constitution and can underpin a § 1983 claim, but the existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest.  *Case v. Eslinger,* 555 F.3d 1317, 1326–27 (11th Cir. 2009); *Kingsland v. City of Miami,* 382 F.3d 1220, 1226, 1232 (11th Cir.2004); *Ortega v. Christian,* 85 F.3d 1521, 1525 (11th Cir.1996).  Probable cause exists where the facts within the collective knowledge of law enforcement officials,

derived from reasonably trustworthy information, are sufficient to cause a person of reasonable caution to believe that a criminal offense has been or is being committed. *Madiwale v. Savaiko,* 117 F.3d 1321, 1324 (11th Cir.1997)." *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010). Probable cause to arrest exists when an arrest is "objectively reasonable based on the totality of the circumstances..... This standard is met when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.... Although probable cause requires more than suspicion, it does not require convincing proof ... and need not reach the [same] standard of conclusiveness and probability as the facts necessary to support a conviction." *Lee v. Ferraro,* 284 F.3d 1188, 1195 (11th Cir.2002) (internal quotation marks and citations omitted).

Under the circumstances of this case, probable cause existed to arrest Highfill for various controlled substance offenses. Thus, summary judgment is due to be granted in favor of the defendants on Highfill's false arrest claim and the attendant allegation of false imprisonment. *Case*, 555 F.3d at 1326-1327(citations and quotations omitted)("The existence of probable cause at the time of arrest ... constitutes an absolute bar to a section 1983 action for false arrest.").

### C. Claims Relative to Conviction

Highfill presents claims which challenge the fundamental legality of his conviction for trafficking in methamphetamine imposed by the Circuit Court of Lee County, Alabama. Specifically, Highfill argues the evidence presented against him was obtained during an unlawful search as no probable cause existed for issuance of the search warrant and no other basis existed which would have permitted the search of his mother's home.[2] Highfill further complains that the evidence failed to support his conviction because "the plaintiff was not selling, making, or doing drugs. Plaintiff's brother ... admitted to the controlled buy, admitted to making meth, and admitted the Plaintiff had no knowledge of the crime." *Plaintiff's Response - Doc. No. 30* at 2. These claims, however, provide no basis for relief in this cause of action. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487; *Wilkinson v. Dotson*, 544 U.S. 74, 82, 125 S.Ct.

---

[2] In his state criminal case, Highfield filed a motion to suppress in which he challenged the validity of the search warrant and sought suppression of all evidence procured during the search. *Defendants' Exhibit 6 - Doc. No. 27-6* at 1-2. The trial court denied this motion. *Defendants' Exhibit 7 - Doc. No. 27-7.*

1242, 1248 (2005) (A prisoner's § 1983 claim is barred "no matter the relief sought" and "no matter the target of the prisoner's suit" if success on that claim would necessarily demonstrate the invalidity of his conviction.). The Court in *Heck* emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded Heck's complaint was due to be dismissed as no cause of action existed under § 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a § 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983" unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position previously taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

11

Highfill presents claims in the instant complaint implicating the constitutionality of his trafficking conviction by the Circuit Court of Lee County, Alabama. A judgment in favor of Highfill on these claims would necessarily imply the invalidity of this conviction. It is clear from the complaint that the conviction from which Highfill's claims arise has not been invalidated in an appropriate proceeding. Consequently, any collateral attack under § 1983 on the conviction imposed upon Highfill is prohibited. *Balisok* 520 U.S. at 645; *Heck*, 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion for summary judgment be GRANTED.

2. This case be dismissed with prejudice.

3. Judgment be GRANTED in favor of the defendants.

It is further

ORDERED that on or before July 17, 2012, the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by

the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner, 66*1 F.2d at 1209 (adopting pre-October 1, 1981 opinions of the Fifth Circuit as binding precedent).

DONE, this 5th day of July, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE